1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    LUTHER D. FRAZIER,                        No.  2:21-cv-01901 WBS DB P

12                         Petitioner,

13         v.                                   ORDER AND FINDINGS AND
                                                RECOMMENDATIONS
14    P. EATON,

15                         Respondent.

16

17         Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas

18    corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2016 conviction for first degree

19    murder entered in the Sacramento County Superior Court.

20         Petitioner has submitted a declaration that makes the showing required by § 1915(a) for a

21    request to proceed in forma pauperis under 28 U.S.C. § 1915. (ECF No. 9.) Accordingly, the

22    request to proceed in forma pauperis will be granted.

23         The exhaustion of state court remedies is a prerequisite to the granting of a petition for

24    writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived

25    explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, therefore,

26

27    _____
      [1] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. §
28    2254(b)(2).

                                                  1

1    may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the

2    highest state court with a full and fair opportunity to consider all claims before presenting them to

3    the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083,

4    1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

5         Petitioner raises three claims in his petition. In the first ground, petitioner claims his

6    defense counsel rendered ineffective assistance in violation of the Sixth Amendment by failing to

7    conduct a pre-trial investigation and failing to present exculpatory evidence to support any

8    defense. (ECF No. 10 at 7.) In the second ground, petitioner claims his defense counsel rendered

9    ineffective assistance in violation of the Sixth Amendment by failing to conduct an investigation

10   into his psychiatric history and failing to present a defense based on his mental health status. (Id.

11   at 17.) In the third ground, petitioner claims he was denied a meaningful opportunity to present a

12   complete defense in violation of his right to Due Process of Law as guaranteed by the Fourteenth

13   Amendment. (Id. at 22.) After reviewing the petition for habeas corpus, the court finds that

14   petitioner has failed to exhaust state court remedies on these claims. (See ECF No. 10 at 2.)

15        The three claims presented in the petition have not been presented to the California

16   Supreme Court. Further, there is no allegation that state court remedies are no longer available to

17   petitioner. Accordingly, the petition should be dismissed without prejudice.[2]

18        Good cause appearing, IT IS HEREBY ORDERED:

19        1.  Petitioner is granted leave to proceed in forma pauperis;

20        2.  The Clerk of the Court is directed to serve a copy of these findings and

21   recommendations together with a copy of the petition filed in the instant case on the Attorney

22   General of the State of California; and

23        IT IS HEREBY RECOMMENDED that the petition for a writ of habeas corpus be

24   dismissed for failure to exhaust state remedies.

---

[2]  Petitioner is cautioned that the habeas corpus statute imposes a one-year statute of limitations
for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period
will start to run on the date on which the state court judgment became final by the conclusion of
direct review or the expiration of time for seeking direct review, although the statute of
limitations is tolled while a properly filed application for state post-conviction or other collateral
review is pending. 28 U.S.C. § 2244(d).

2

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 2, 2022

DLB7
fraz1901.103fr

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

3